**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| DARLENE REED, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:21-CV-152-JEM |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss, or, Alternatively, Partial

Motion for Summary Judgment [DE 11], filed August 3, 2021. Plaintiff filed her response on

January 5, 2022, and Defendant filed its reply on January 21, 2022. Plaintiff filed a sur-response on

February 7, 2022.

**I.      Background**

On May 3, 2021, Plaintiff Darlene Reed, proceeding *pro se*, filed her Complaint alleging that

Defendant committed violations of the Fair Credit Reporting Act (FCRA) in the process of telling

her that she was ineligible for hire because of the results of a background check. Plaintiff's previous

position with Defendant was eliminated, and she was encouraged to apply for different positions

with the USPS. As part of her application, she gave permission for a background check to be

performed. She was told that she did not meet the security requirements of the position because of

a pending misdemeanor charge and was ineligible for hire, and claims that she did not receive any

notice of the contents of the background check or her rights to contest them prior to adverse action

being taken against her. She then filed a complaint with the EEOC about the background check

process.

1

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.     Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit Court of Appeals has explained that "[t]he complaint

'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted).

## III.    Analysis

As an initial matter, the Court addresses the documents appended to both parties' briefs. The general rule is that, when documents outside the pleadings are submitted with a Rule 12(b)(6) motion to dismiss, the Court must either convert the motion into a motion for summary judgment under Rule 56 or set aside the documents attached to the motion and rule on the motion to dismiss under Rule 12(b)(6). See *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). The pleadings which the Court may consider include the complaint, the answer, and any written instruments attached to the complaint as exhibits. *See Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 858 (7th Cir. 2002); *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988). In addition, documents submitted with a motion to dismiss are treated as part of the pleadings if they are "referred to in the plaintiff's complaint and are central to his [or her] claim." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (internal quotation marks omitted) (indicating that this rule prevents the plaintiff from avoiding dismissal simply by failing to attach important documents to the complaint).

In this case, Defendant has attached the January 7, 2021, notice that it asserts was sent to Plaintiff informing her of the results of her background check and appeal rights and her withdrawal

of her EEO complaint and declarations explaining USPS's background check procedure in Plaintiff's case. Plaintiff has attached a number of documents, including emails and letters she was sent by Defendant and tracking information. The declarations contain information outside of the Complaint and will not be considered, but the background check documents and correspondence are documents referred to in the Complaint and central to her claim, and are considered without converting the instant Motion into a motion for summary judgment.

Plaintiff alleges that her rights under FCRA were willfully violated. She applied for a job with Defendant and received a conditional job offer. Defendant conducted a background check, with Plaintiff's permission, and discovered that Plaintiff had a pending misdemeanor charge that she did not report on her application. It then rescinded her conditional job offer.

Under the FCRA, Defendant was required to provide to Plaintiff a copy of the report and a written description of her rights under the FRCA "before taking any adverse action based in whole or in part on the report." 15 U.S.C. § 1681b(b)(3)(A). Plaintiff alleges that Defendant failed to provide her the results of her background investigation before taking the adverse action. Instead, Plaintiff asserts that after completing her application, she received a copy of the background check, but with no information about her appeal rights. She then received an email on January 22, 2021, stating that her offer was rescinded due to a pending misdemeanor charge revealed on her background check. Compl. Ex. 1 p. 3 [DE 1-1]. Defendant argues that it sent a letter on January 7, 2021, that contained a copy of Plaintiff's criminal record and notice of her appeal rights, but on a motion to dismiss the Court accepts as true the facts as pled by Plaintiff.

Defendant argues that it complied with all notice provisions of FCRA, but that even if Plaintiff did note receive notice of her rights before the adverse action, she was not injured by the

lack of notice and therefore does not have standing to bring her claim.

In order for the Court to have jurisdiction over this case, Plaintiff must show she suffered an injury in fact traceable to the defendant's conduct and redressable by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 856, 136 S. Ct. 1540 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id*. at 1548 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

Although the question of standing was first raised in Defendant's reply brief, Plaintiff filed a sur-reply addressing her injuries. She asserts that Defendant's decision to make her ineligible for rehire caused physical symptoms resulting from the stress and that she was not given the opportunity to discuss or dispute her background report as required by the FCRA. That alleged preclusion from discussing or disputing her background report before an adverse action was taken is an informational injury sufficient to give her standing, since "what matters is that [the plaintiff] was denied information that could have helped her craft a response to [the defendant]'s concern." *Robertson v. Allied Sols., LLC*, 902 F.3d 690, 697 (7th Cir. 2018) ("That Robertson has not pleaded what she may have said if given the chance to respond, or that she may not have convinced Allied to honor its offer, is immaterial to the substance of her interest in responding. Article III's strictures are met not only when a plaintiff complains of being deprived of some benefit, but also when a plaintiff complains that she was deprived of a chance to obtain a benefit. An informational injury can be concrete when the plaintiff is entitled to receive and review substantive information." (citing *Czyzewski v. Jevic Holding Corp.*, 137 S.Ct. 973, 983, 197 L.Ed.2d 398 (2017); *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 666 (1993)).

Accordingly, at this stage of the proceedings Plaintiff has sufficiently stated a claim for violation of the FCRA.

Plaintiff's Complaint also refers to an EEO complaint, but does not identify any alleged basis of discrimination, participation in a protected class, or otherwise state any of the components of a claim for employment discrimination. *See* Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555 (holding that the defendant must be given "fair notice of what the . . . claim is and the grounds upon which it rests."). Accordingly, to the extent that she intending to bring a claim for employment discrimination based on her EEO Complaint, that claim is dismissed.

## IV.   Conclusion

For the foregoing reasons, the Court hereby **GRANTS in part** as to the claim of discrimination and **DENIES in part** as to the claim for violation of the FCRA Defendant's Motion to Dismiss, or, Alternatively, Partial Motion for Summary Judgment [DE 11] and **ORDERS** that Plaintiff's claim for retaliation is **DISMISSED**. Plaintiff's claim for violation of the FCRA remains pending.

The Court **DENIES as moot** Defendant United States Postal Service's Motion for Summary Ruling [DE 14].

SO ORDERED this 9th day of March, 2022.

s/John E. Martin                                    
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record
         Plaintiff, *pro se*