UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DARLENE REED,        )<br>    Plaintiff,        )<br>        )<br>v.        )<br>        )<br>UNITED STATES POSTAL SERVICE,    )<br>    Defendant.        ) | CAUSE NO.: 2:21-CV-152-JEM |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' (sic) Motion for Leave to File Amended Complaint for Adding Additional Information and Evidence [DE 40], filed on August 8, 2022.

**I.    Background**

On May 3, 2021, Plaintiff Darlene Reed, proceeding *pro se*, filed her Complaint alleging that Defendant committed violations of the Fair Credit Reporting Act (FCRA) in the process of telling her that she was ineligible for hire because of the results of a background check. Plaintiff's previous position with Defendant was eliminated, and she was encouraged to apply for different positions with the USPS. As part of her application, she gave permission for a background check to be performed. She was told that she did not meet the security requirements of the position because of a pending misdemeanor charge and was ineligible for hire, but Plaintiff claims that she did not receive any notice of the contents of the background check or her rights to contest them prior to adverse action being taken against her. She then filed a complaint with the EEOC about the background check process.

On March 9, 2022, the Court granted in part Defendant's motion to dismiss, leaving her claim for violation of the FCRA pending. On July 14, 2022, Plaintiff filed an amended complaint

1

without an accompanying motion, and it was stricken for failure to comply with Federal Rule of Civil Procedure 15. She then filed the instant Motion seeking to amend her Complaint, but without the proposed amendment attached as required by Northern District of Indiana Local Rule 15-1(a). ("Motions to amend a pleading must include the original signed proposed amendment as an attachment."). The Court therefore construed the instant Motion as a request for the Court to enter the previously filed proposed amended pleading. Defendant filed a response on August 23, 2022, and on August 29, 2022, Plaintiff filed a reply.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.   Standard of Review

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183). An amendment is "futile" if it would not withstand a motion to dismiss or motion for summary

judgment. *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001); *see also Sound of Music Co. v. 3M*, 477 F.3d 910, 923 (7th Cir. 2007).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted).

**III.   Analysis**

Plaintiff asserts that she is seeking to amend her complaint to show that Defendant's new employee handbook was updated to spell out the instructions for rescinding a job offer in accordance with the FCRA and clarifies that she is seeking compensatory and punitive damages. Defendant argues that the proposed amended complaint is futile and should be denied.

First, Defendant argues that the proposed amended complaint fails to mention the employee handbook, and that the inclusion of the handbook dated six months after the incident described in the Complaint is not relevant to Plaintiff's claims. The Court agrees that the post-dated handbook

does not belong as an exhibit to Plaintiff's Complaint. It is possible that it may be appropriate for Plaintiff to enter the handbook into evidence on a motion for summary judgment or at trial, but it is not part of discovery from Plaintiff at this stage of the proceedings and is not appropriately part of the pleadings.

Defendant also argues that Plaintiff has failed to plead facts supporting an award of punitive damages. Punitive damages are available if there is willful violation of the FCRA. 15 U.S.C. § 1681n; *Ruffin-Thompkins v. Experian Info. Sols., Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). To prove willfulness, a plaintiff must show that the violation was "committed with actual knowledge or reckless disregard for the FCRA's requirements." *Persinger v. Sw. Credit Sys., L.P.*, 20 F.4th 1184, 1195 (7th Cir. 2021). "A company does not act in reckless disregard of FCRA unless the action is not only a violation under a reasonable reading of the statute, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 50, 127 S. Ct. 2201, 2204, 167 L. Ed. 2d 1045 (2007).

Plaintiff's proposed amended complaint alleges that Defendant willfully violated her rights under the FCRA by failing to provide her a copy of the background check report and written description of her rights under the FCRA before making the decision to rescind her conditional job offer. She alleges that she received an email on January 22, 2021, indicating that when was ineligible for hire at USPS, but did not receive the letter explaining that she failed to meet the security requirements for the position until January 25, 2021. She asserts generally that her rights were "willingly violated," but does not include sufficient facts to support willful noncompliance with the FCRA. *Compare Prosser v. Cap. One Bank (USA), N.A.*, No. 120CV01117TWPTAB,

2021 WL 6050015, at *6 (S.D. Ind. Dec. 21, 2021) ("[D]espite Prosser's belated assertion in his response that the Capital One Defendants acted with a willful intent to injure him, the Court is not obligated to accept his legal conclusions as true. The Court determines Prosser has not pled sufficient factual content which support that the Capital One Defendants were liable for willful or negligent noncompliance with the FCRA under Sections 1681(n) or 1681(o), or that they acted with reckless disregard in violation of the statute.") *with Hollomon v. Chicago Patrolmen's Fed. Credit Union*, No. 20-CV-00056, 2021 WL 949341, at *6 (N.D. Ill. Mar. 12, 2021) ("[The plaintiff] has sufficiently pled that there was a fairly obvious error on his credit report, and that despite [the defendant] being made aware of the error, the error was not fixed."); *Johnson v. US Bank Home Mortg.*, No. 20 C 3433, 2020 WL 6801847, at *3 (N.D. Ill. Nov. 19, 2020) ("Johnson sufficiently alleges that US Bank knowingly ran a greater-than-careless risk . . . [by] alleg[ing] that US Bank was apprised of a clear error in the information it furnished to Experian, but failed to investigate the error or fix the information. That is sufficient . . . to plead a willful FCRA violation. Moreover, US Bank cannot argue that it held a reasonable belief that its conduct was legal."); *Rogers v. Wells Fargo Bank, N.A.*, No. 19-CV-02596, 2020 WL 1081721, at *8 (N.D. Ill. Mar. 6, 2020) ("Rogers alleges that Wells Fargo knew that the loan was uncollectible, yet obtained the credit report anyway, and did so through deception. At the pleading stage, that is enough.").

      The proposed amended complaint is futile in that it fails to plead a willful FCRA violation. Plaintiff may be able to use the employee handbook as evidence at a later stage of these proceedings, but it need not be made part of the pleadings.

**IV.     Conclusion**

Accordingly, the Court **DENIES** Plaintiffs' (sic) Motion for Leave to File Amended Complaint for Adding Additional Information and Evidence [DE 40]. The proposed amended complaint on the docket at [DE 37] remains stricken from the record.

SO ORDERED this 6th day of September, 2022.

s/ John E. Martin_____
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record
       Plaintiff, *pro se*