## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

DARLENE REED,                         )
      Plaintiff,                    )
                        )
     v.                               )       CAUSE NO.: 2:21-CV-152-JEM
                        )
UNITED STATES POSTAL SERVICE,          )
      Defendant.                   )

### OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment [DE 48], filed by the United States Postal Service ("USPS") on February 8, 2023.

**I.    Background**

On May 3, 2021, Plaintiff Darlene Reed, proceeding *pro se*, filed her Complaint alleging that Defendant USPS committed violations of the Fair Credit Reporting Act (FCRA) in the process of telling her that she was ineligible for hire because of the results of a background check. On March 9, 2022, the Court granted in part Defendant's motion to dismiss, leaving Plaintiff's claim for violation of the FCRA pending.

The instant Motion for Summary Judgment was filed on February 8, 2023, and the notice to pro se parties on February 9, 2023. Plaintiff Reed filed her response on March 24, 2023, and on April 10, 2023, USPS filed its reply.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.     Standard of Review

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted). To demonstrate a genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50. The Court looks to the burden

2

of proof each party would bear on an issue at trial. *Diaz v. Prudential Ins. Co. of Am.*, 499 F.3d 640, 643 (7th Cir. 2007) (quoting *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997)).

### III.   Material Facts

After Reed was informed that her previous temporary position with USPS was eliminated, ending effective January 22, 2021, she applied for different positions with the USPS. As part of her application in November 2020, she gave permission for a background check to be performed. The check revealed that Reed had a pending misdemeanor battery charge that she had not included on the form authorizing the background check. USPS sent Reed a letter dated January 7, 2021, including a copy of the background check, a notice of her appeal rights, and a dispute form, including contact information for disputing the information in the check. Reed received it on approximately January 15 or 16, 2021.

On January 22, 2021, Reed received a conditional job offer, but later that day received an email informing her that she did not meet the security requirements for the position and that the conditional job offer was rescinded. Also on January 22, 2021, USPS sent Reed a letter informing her that "it has been determined that you do not meet the security requirements of the position. It has been adjudicated unfavorable based on the . . . pending charge for 'Misdemeanor Battery'" and including information about how to appeal the decision. Reed received the letter on approximately January 25, 2021.

### IV.   Analysis

USPS argues that it is entitled to summary judgment on Reed's claims that it violated the FCRA because it provided Reed with her criminal background check and notice of her FCRA

rights before rescinding her job offer, and that Reed cannot succeed on her claim for damages since damages are only available under the FCRA for negligent or willful actions. Under the FCRA, USPS was required to provide to Reed a copy of the report and a written description of her rights under the FRCA "before taking any adverse action based in whole or in part on the report." 15 U.S.C. § 1681b(b)(3)(A). Reed argues that USPS failed to comply with the FCRA before taking the adverse action of rescinding her job offer.

USPS asserts that it mailed a letter to Reed on January 7, 2021, advising her that a background check revealed pending criminal charges, and also provided her with a background check report, notice of appeal rights, and dispute form. In response to USPS's requests for admissions, Reed admitted that on January 15 or 16, 2021, she received a letter regarding the background investigation, including a copy of the background information report, along with a summary of her rights under the FCRA and the dispute process request form. [DE 46]. In her response, Reed characterizes the documents she received as "a generic Adverse Action Letter" that "did not include Point of Contact . . . nor proper details regarding decision" and was "backwards and illegal according to FCRA laws regarding a criminal background check from a third party." Resp. 2 [DE 53].

Reed argues that the FCRA requires the employer to notify the applicant of a possible adverse action in writing before it occurs, including clear details, a point of contact, and a timeline for communication, and that the pre-adverse action letter must be followed by an adverse action letter if a job offer is being rescinded. She argues that a copy of a criminal background report is inadequate as a pre-adverse action letter. However, the text of the FCRA only requires the person intending to take an adverse employment action on the basis of a consumer report to "provide to

the consumer to whom the report relates-- (i) a copy of the report; and (ii) a description in writing of the rights of the consumer under this subchapter." 15 U.S.C. § 1681b(b)(3)(A); *Robertson v. Allied Sols., LLC*, 902 F.3d 690, 696 (7th Cir. 2018) "[S]ubpart (A) compels disclosure of the report itself, and that provision requires disclosure prior to any adverse action. This unique pre-adverse action requirement assures that the applicant will have a chance to review the actual document on which the employer relied, and that she can do so with time to respond to unfavorable information.") (citing 15 U.S.C. § 1681b(b)(3)(A)). The letter USPS sent to Reed, received on or before January 16, 2021, included a copy of the report and a description of her rights under FCRA. The letter informing Reed that the USPS concluded she did not meet the security requirements of the role she applied for was dated January 22, 2021, again explaining how to contest the information and the time frame in which to do so, and Reed asserts that she received it on January 25, 2021. There is no obligation in the FCRA that USPS explain what kind of adverse action it was anticipating taking nor give a timeline of how long that might take. Reed does not argue that the amount of time between disclosure and adverse action was insufficient, and does not dispute that she took no action to contest the included information, either after the initial letter or the letter informing her of the adverse action or point to any harm she suffered. *See Ratliff v. Venture Express, Inc.*, No. 17 C 7214, 2019 WL 1125820, at *6 (N.D. Ill. Mar. 12, 2019) ("Armed with the knowledge that a background report has damaged and (importantly) may continue to damage his employment prospects, the applicant can obtain the report and correct the record so that the same inaccurate or incomplete information will not harm his chances on future applications.").

Reed also argues that USPS's letter was not in compliance with its own policies. She includes as an exhibit sample form letters she claims are from the USPS handbook. The letter Reed

was sent informing her that she does not meet the security requirements of the position contains similar information and format to the sample letters, explaining what the finding was, the basis of the finding, and the method of appealing the decision, including the deadline and address. Despite Reed's identification of these sample letters as "showing details and format of a Pre-Adverse Action Notice," the documents are labeled "Sample Letter[s ] Notifying Applicant of Disqualification (Nonmedical)," and refer to employment decisions that have already been made.

In short, USPS complied with the FCRA by providing Reed with a copy of the background check report and description of her rights under the FCRA, including a description of how to dispute any inaccurate or incomplete information, prior to taking the adverse employment action. Reed received the letter and attachments before USPS made the adverse employment decision. It appears that USPS also complied with its own policies, as described in the handbook section provided by Reed, for informing Reed of the adverse employment decision. The Court concludes that no reasonable jury could conclude that USPS did not comply with the FCRA. Because Reed cannot show that USPS violated the FCRA, the Court need not address the arguments about its willfulness.

As a separate matter, the Court notes that a number of the exhibits included by USPS contain the personal information of Reed and therefore are not on the public docket. However, USPS did not move to seal these documents or provide a redacted copy that could be placed on the docket. N.D. Ind. L.R. 5-3. In order to both protect Reed's privacy and the importance of making relevant documents publicly available, USPS must re-file the exhibits on the public docket, with only the personal and private information redacted. Fed. R. Civ. P. 5.2.

**V.      Conclusion**

Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment [DE 48] and **DIRECTS** the Clerk of Court to enter judgment in favor of Defendant United States Postal Service and against Plaintiff Darlene Reed as to all claims in her Complaint.

The Court **ORDERS** Defendant to file a copy of its exhibits to its motion [DE 49-1], redacted as appropriate, on or before **May 22, 2023**.

SO ORDERED this 18th day of May, 2023.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:      All counsel of record
         Plaintiff, *pro se*

7